# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM J. DANIELS,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>                Defendant. | Case No. CV 17-01751-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On March 3, 2017, Adam J. Daniels ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer to the Complaint on June 13, 2017. On September 8, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record

("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 27-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on June 24, 2013, alleging disability beginning April 1, 2010. (AR 10.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 1, 2010, the alleged onset date. (AR 12.)

Plaintiff's claims were denied initially on November 8, 2013. (AR 10.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Elizabeth R. Lishner on July 7, 2015, in Los Angeles, California. (AR 10.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 10.) Vocational expert ("VE") Frank Nick Corso, Jr. also appeared and testified at the hearing. (AR 10.)

The ALJ issued an unfavorable decision on August 20, 2015. (AR 10-18.) The Appeals Council denied review on January 23, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as the basis for reversal and remand:

1. Whether the ALJ properly considered the treating physician's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant

work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 1, 2010, the alleged onset date. (AR 12.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: attention deficit hyperactivity disorder, borderline intellectual functioning, and autism spectrum disorder. (AR 12-13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 13-14.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> Claimant is limited to the performance of simple repetitive tasks; can have no contact with the general public, occasional contact with co-workers, and frequent contact with supervisors; can perform jobs requiring only occasional exercise of judgment; and can tolerate occasional changes in the work setting.

(AR 14-17.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 15.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 17.) The ALJ, however, also found that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of janitor, hand packager, and housekeeping cleaner. (AR 17-18.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 18.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted the opinion of Plaintiff's treating physician. The ALJ's RFC is supported by substantial evidence.

**I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE IN ASSESSING PLAINTIFF'S RFC**

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant

evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.

2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

The ALJ found that Plaintiff has the severe medically determinable impairments of attention deficit hyperactivity disorder ("ADHD"), borderline intellectual functioning, and autism spectrum disorder. (AR 12.) Claimant alleges disabling limitations due to his difficulties with concentration and interaction with others as a result of his mental impairments. (AR 14.) Nonetheless, the ALJ assessed Plaintiff with the RFC to perform a full range of work at all exertional levels limited to performance of simple repetitive tasks, no contact with the general public, occasional contact with coworkers, jobs with occasional exercise of judgment, and can tolerate only occasional changes in the work setting. (AR 14.)

The ALJ's RFC is supported by substantial evidence. The ALJ gave great weight to the testimony of psychological expert Dr. Billings Fuess at the first hearing in February 2015. (AR 16, 47-54.) Dr. Fuess testified that the evidence of record indicated Plaintiff would experience no more than mild limitations in activities of daily living and moderate difficulties in regard to social functioning and maintaining concentration, persistence, and pace. (AR 16.) He concluded Plaintiff was capable of simple work tasks involving limited interpersonal contact. (AR 16.) The ALJ also gave substantial weight to the opinion of consulting psychologist Dr. Avazeh Chehrazi who administered a battery of psychometric tests. (AR 15.) Observing that Plaintiff was not receiving any mental health treatment, he opined that Claimant would have no difficulty with simple instructions, moderate difficulty with complex tasks and maintaining persistence and pace, and no more than mild

limitations in any other functional area. (AR 15.) The ALJ found that Dr. Chehrazi's RFC and test results are supported by citation to objective and subjective clinical observations and generally consistent with the Claimant's evident functional ability. (AR 16.)

Also supportive of the ALJ's RFC is the Plaintiff's lack of credibility. The ALJ found Plaintiff's alleged subjective symptom allegations not entirely credible (AR 15), a finding Plaintiff does not challenge here. The ALJ provided clear and convincing reasons supported by substantial evidence in discounting Plaintiff's subjective symptoms. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence. (AR 16.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ also noted that Plaintiff does not currently take medication (AR 16) and also was not receiving mental health treatment. (AR 15.) An ALJ may consider conservative or no treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. The ALJ also discounted Plaintiff's credibility because of his extensive activities. (AR 14, 16.) Inconsistent daily activities are a legitimate factor in assessing credibility. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). Here, the ALJ reported that Plaintiff had no difficulty engaging in a significant range of daily activities including self-care, housework, errands including the use of public transportation, shopping in stores, driving (he has a driver's license), and social leisure activities. (AR 16, 14.) He graduated from high school and uses a computer to look for work. (AR 16.)

Plaintiff challenges the ALJ's RFC by citing to the opinions of psychologist Dr. Robert Hayes. On March 13, 2014, Dr. Hayes found that Claimant had a severe inability to maintain relationships and adapt to social settings and would not be able to work for more than a year. (AR 15.) On February 5, 2015, Dr. Hayes noted Plaintiff's lack of appropriate interaction and concluded he was still unable to sustain employment. (AR 15.) In a medical source statement in 2015, Dr. Hayes assessed marked to extreme functional limitations that

would preclude all work. (AR 15, 16.) The ALJ gave little weight to Dr. Hayes' opinions because she says they are unsupported by treatment records (which were not submitted) or by psychometric test results. (AR 16.) Dr. Fuess in summarizing Dr. Hayes' finding noted the lack of treatment notes or psychometric testing. (AR 48-54.) An ALJ may reject a physician's opinion that does not have supportive objective evidence, is contradicted by other assessments, is unsupported by the record as a whole, is based on a claimant's subjective statements or is unsupported by or inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. The Court disagrees with the ALJ's assessment of Dr. Hayes' opinions somewhat. The narrative summaries do provide the equivalent of clinical observations, but these summaries and Dr. Hayes' opinions are weakened by the lack of treatment notes and psychological testing.

There are other reasons, moreover, that support the ALJ's discounting of Dr. Hayes' opinion assessing marked to extreme limitations. As the Court already observed, the ALJ's RFC is supported by the opinions of Dr. Fuess and Dr. Chehrazi, which contradicted Dr. Hayes' assessment of Plaintiff's mental limitations. The contradictory opinions of other physicians provide specific legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ also noted Plaintiff's extensive, independent activities. An ALJ may reject a physician's opinion that is contradicted by a claimant's observed or admitted abilities or other evidence that indicates his symptoms are not as severe as alleged. Bayliss, 427 F.3d at 1216. The ALJ discounted Plaintiff's subjective symptom allegations. A physician's opinion based on the subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan, 242 F.3d at 1149; Andrews, 53 F.3d at 1043.

Plaintiff challenges the ALJ's rejection of Dr. Hayes' opinion but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Hayes for specific, legitimate reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 7, 2018              */s/ John E. McDermott*
                                   JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE